UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA



FILED
AUG 1 6 2018
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

ROBERT LEE,

       Plaintiff,

Civil Action No.: 18-cv-01832 (UNA)

NATL. ELECTRICAL CONTRACTOR
ASSOCIATION, *et al.*,

       Defendants.

## MEMORANDUM OPINION

This matter is before the Court on its initial review of plaintiff's *pro se* complaint ("Compl.") and application for leave to proceed *in forma pauperis* ("IFP"). The Court will grant plaintiff's application to proceed IFP and dismiss the case because the complaint fails to meet the minimal pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure.

*Pro se* litigants must comply with the Federal Rules of Civil Procedure. *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987). Rule 8(a) of the Federal Rules of Civil Procedure requires complaints to contain "(1) a short and plain statement of the grounds for the court's jurisdiction [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009); *Ciralsky v. CIA*, 355 F.3d 661, 668-71 (D.C. Cir. 2004). The Rule 8 standard ensures that defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer and an adequate defense and determine whether the doctrine of *res judicata* applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977).

Plaintiff, a District of Columbia resident, sues three electrical contractor associations and/or unions, and an electrical contracting business. Compl. at caption. Two defendants are located in the District of Columbia, and two defendants are located in Maryland. *Id.* Plaintiff alleges that the defendants have "engaged in interstate 'labor racketeering[,]' since 1971 against plaintiff." Form compl. at 4 ¶ 3. He claims that defendants have caused unspecified damage to his business and property, which has, in turn, caused him pain and suffering. *Id.* He seeks [sic] "123 billion dollar$" in damages. *Id.* at 2 ¶ 2.

According to the complaint, plaintiff was a candidate for U.S. president, as well as Maryland senator and governor. *Id.* at 2 ¶¶ 1-2. He also holds himself out as a doctor, and representative of a law firm which stands for "truth vs[.] proof." *Id.* at caption; 4 ¶ 6. In furtherance of his claims, plaintiff alleges that, in an attempt to control a ". . . 130 billion dollar[] industry . . ." defendants have influenced ". . . political parties, political action committees, organized crime unions, members, judges, lawyers, police, and others . . ." *Id.* at 1 ¶ 2. Plaintiff alleges that defendants have violated approximately seven federal statutes, various constitutional amendments, and several "federal and state rules." *Id.* at 2 ¶ 2; 3 ¶ 3. Plaintiff attaches a partially executed and undated consent decree with hand-written notes scattered throughout the document. *Id.* at 5-11. Plaintiff states that defendants have failed to abide by its terms, but does not provide any other details or context to articulate this claim, nor does he define the parties' respective responsibilities or relationships to this consent decree. *Id.* at 3 ¶ 4.

The ambiguous and rambling allegations comprising the complaint fail to provide adequate notice of a claim. While plaintiff cites a litany of federal law, he fails to describe any specific wrongdoing committed by these defendants, apart from his overarching conspiracy theory. *Id.* at 2 ¶ 2; 3 ¶ 3. The causes of action, if any, are completely undefined. The complaint also fails to

set forth allegations with respect to this Court's jurisdiction over the plaintiff's entitlement to relief or a valid basis for an award of damages as pled. In fact, it is unclear what actual damages, if any, plaintiff has suffered. Therefore, this case will be dismissed. A separate Order accompanies this Memorandum Opinion.

Date: August 13, 2018

United States District Judge